**Gregory Allen FRAZIER, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 2921.**

Supreme Court of Alaska.

July 22, 1977.

Lawrence J. Kulik, Anchorage, for appellant.

Glen C. Anderson, Asst. Dist. Atty., and Joseph D. Balfe, Dist. Atty., Anchorage, Avrum M. Gross, Atty. Gen., Juneau, for appellee.

OPINION

Before BOOCHEVER, C. J., RABINOWITZ, CONNOR and BURKE, JJ., and DIMOND, J. Pro Tem.

BURKE, Justice.

On July 18, 1975, appellant Gregory Allen Frazier was arrested for driving while intoxicated. A search of Frazier's automobile revealed approximately one-quarter once of marijuana stored in the vehicle's glove compartment. Formal charges were filed in the district court alleging Frazier's operation of a motor vehicle while intoxicated and possession of marijuana. The marijuana charge was later dismissed, and Frazier was found not guilty of the driving offense.

Thereafter, Frazier filed a motion to compel the state to return the marijuana to him. Such motion was denied by the district court, partly upon the ground that marijuana is contraband under a federal statute [1] prohibiting its possession. Frazier

---

1. 21 U.S.C. § 844(a) provides:

    (a) It shall be unlawful for any person knowingly or intentionally to possess a con-

trolled substance unless such substance was obtained directly, or pursuant to a valid prescription or order, from a practitioner, while

appealed that decision to the superior court, where the judgment was affirmed. This appeal followed.

 Frazier contends, *inter alia*, that the federal statute prohibiting the possession of marijuana violates his right to privacy as guaranteed by the Constitution of the United States. No federal court has so held, and we are not persuaded to do so under the circumstances here presented.

 The federal statute, making such material contraband, prevented the district court from granting the relief sought by appellant.[2] Therefore, the judgment of the superior court, affirming that decision, was correct.[3]

AFFIRMED.

CONNOR, Justice, concurring separately.

I concur in the result.

It is my view that questions might have been raised in the case at bar which would compel a determination on our part of whether, and to what extent, the right to privacy would cover certain instances of marijuana possession outside the home. If such possession were covered by the right to privacy, I do not believe that the order of an Alaska court returning the seized material to an individual, to whom the Alaska right to privacy applied, would amount to a violation of federal law. The act of the Alaska court would not be one of "interposition" by Alaska to prevent the enforcement of federal law. The federal authorities could still act immediately after the material was placed in the possession of the defendant.

In short, I cannot agree with the reliance on federal law in the majority opinion. But because no factual record of the circumstances of possession, and seizure by the officer, appears in this appeal, I do not believe that the privacy question must be reached. Accordingly, I agree to affirming the action of the trial court.

---

acting in the course of his professional practice, or except as otherwise authorized by this subchapter or subchapter II of this chapter. Any person who violates this subsection shall be sentenced to a term of imprisonment of not more than one year, a fine of not more than $5,000, or both, except that if he commits such offense after a prior conviction or convictions under this subsection have become final, he shall be sentenced to a term of imprisonment of not more than 2 years, a fine of not more than $10,000, or both.

2. Art. VI of the Constitution of the United States provides in part:

This Constitution, and the Laws of the United States which shall be made in Pursuance thereof . . . shall be the supreme Law of the Land; *and the Judges in every State shall be bound thereby*, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding. (emphasis added)

3. In reaching this conclusion we find it unnecessary to decide the other issues presented by this appeal.